

**SIGNED this 22 day of December, 2006.**

_____
**JOHN T. LANEY, III
UNITED STATES BANKRUPTCY JUDGE**
_____


**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DANNY JOE HOLT,   and | : | CASE NO. 05-71016 JTL |
| | : | |
| PATRICIA LEE HOLT | : | CHAPTER 7 |
| | : | |
| Debtors. | : | |

_____

**MEMORANDUM OPINION**

Before the Court is the Chapter 7 Trustee's objection to Debtors' claim of exemption in real and personal property under § 44-13-100(a)(1) of the Official Code of Georgia Annotated ("O.C.G.A.").[1]  The Court took the matter under advisement following the hearing held on April 26, 2006.  The parties have submitted briefs and a stipulation of additional facts was filed with the Court on December 1, 2006.

---

[1] Trustee's objection to Debtors' claim of exemption was filed on March 10, 2006.

In determining whether Debtors' claimed exemptions are proper, the Court must consider two issues: (1) Whether Debtors' 22 year-old daughter and Debtors' minor grandson are "dependents" of Debtors for purposes of Georgia's "homestead" exemption, O.C.G.A. § 44-13-100(a)(1); and (2) Whether equity in real estate on which is situated a block house, leased by Debtors to a residential tenant and located contiguous to Debtors' mobile home residence, may be exempted under O.C.G.A. § 44-13-100(a)(1). For the reasons set forth below, the Court OVERRULES the Trustee's objection as to Debtors' claimed exemption in the singlewide mobile home, but SUSTAINS the Trustee's objection as to the Debtors' claimed exemption in the block house and its real property.

### **FINDINGS OF FACT**

Debtors, Mr. and Mrs. Holt, filed their petition for Chapter 7 relief on July 26, 2005. In their amended schedules, filed February 28, 2006, Debtors claim ownership of, among other pieces of property: real property located at 206 East College Avenue, Lenox, Cook County, Georgia; a 1996 Destiny Singlewide Mobile Home ("Singlewide"); a 1995 Destiny Doublewide Mobile Home ("Doublewide"); and real property and a block house located at 220 North Rentz Street, Lenox, Cook County, Georgia.[2] The two mobile homes are positioned on the real property at 206 East College Avenue. The parcels of real property are located adjacent to one another and are contiguous.

Debtor-Wife holds title to the Singlewide, which is unencumbered by liens. Debtor-Husband is the record title owner of the real estate at 206 East College Avenue. This parcel of real estate is subject to a 2002 security deed to Taylor, Bean and Whitaker Mortgage in the amount of $70,300.00.[3] There appear to be no other liens on that real property. The 206 East College Avenue property is composed of two tracts in Block 58 of the town of Lenox.

---

[2] Debtors' Amended Schedule A; Stipulation of Parties at 1 (Dec. 1, 2006).

[3] Stipulation of Parties at 1 (Dec. 1, 2006).

Debtor-Husband is also the record title owner of the 220 North Rentz Street property, which is composed of a 75 x 100 foot lot and a block house. That real estate was subject to a 2001 security deed to Colony Bank of Tifton ("Colony Bank") in the original amount of $9,700.00.[4] Debtors scheduled the debt to Colony Bank at $2,700.00 as of the date the petition was filed. The security deed in favor of Colony Bank was cancelled of record on August 25, 2006.[5] Debtors claim that the value of their interest in the block house and its real property, without deductions for secured claims or exemptions, is $12,385.00.[6]

Debtor-Husband testified at the April 26 hearing that the Singlewide was worth approximately $3,500.00; the Trustee did not refute this value. Because the Singlewide is unencumbered, the value testified to by Debtor-Husband represents Debtors' equity interest in the Singlewide. Debtors claim no equity in the Doublewide or in the real property at 206 East College Avenue. No evidence was presented by the Trustee to refute the claimed value of the Doublewide or the real property on which it and the Singlewide are situated.

In their amended schedules, Debtors claimed an exemption of $9,650.00 in the Singlewide and $9,685.00 in the block house and its real property, both claimed under O.C.G.A. § 44-13-100(a)(1), the Georgia "homestead" exemption statute.[7] Debtors' claim of exemption in the Singlewide should be reduced to the unrefuted value of $3,500.00, testified to by Debtor-Husband at the hearing. Debtors' basis for claiming the exemption in the Singlewide is that Debtors' 22-year-old daughter and minor grandson lived in the Singlewide at the time Debtors' bankruptcy case was filed. Debtors claimed both their daughter and their grandson as "dependents" on their 2005 income

---

[4] *Id.*

[5] *Id.*

[6] Debtors' Amended Schedule A.

[7] Debtors' Amended Schedule C. Debtors ask in their letter brief, however, that the Court consider the value of the

3

tax return. Debtors' daughter and grandson no longer live in the Singlewide and instead reside with the daughter's boyfriend. In fact, no one resides in the Singlewide at present. Debtors' daughter and grandson lived in the Singlewide for approximately one year, moving out of the Singlewide in November of 2005. None of the property of Debtors' daughter or grandson remains in the Singlewide.

Debtors do not expect their daughter or grandson to reoccupy the Singlewide. The Singlewide is currently used by Debtors to store a washing machine, seats from an automobile, a couch, and some personal belongings. The washing machine is not attached to the plumbing of the Singlewide and is not employed for the personal use of Debtors. Debtors' daughter now works approximately two days per week for Debtor-Husband at his business location. Debtors' daughter has no other income.

As to the real property and block house at 220 North Rentz Street, Debtors rent that property to an elderly residential tenant. The same tenant has occupied the block house for three and a half years and was living in the block house at the time Debtors' bankruptcy case was filed. The tenant pays $250.00 per month in rent to Debtors. Debtors are responsible for the maintenance of the lawn surrounding the block house and for the water and power service to the property. Debtors own the furnishings in the block house.

**DISCUSSION AND CONCLUSIONS OF LAW**

As a fundamental component of a debtor's fresh start in bankruptcy, a debtor, pursuant to § 522(b) of the Bankruptcy Code, may exempt certain amounts of property from the bankruptcy estate in order to protect that property from creditors. In accordance with § 522(l), a debtor must file a list

---

Singlewide testified to by Debtor-Husband (*i.e.*, $3,500.00) to be the claimed exemption amount in the Singlewide.

4

of claimed exemptions with their bankruptcy petition.[8]  Georgia "opted out" of the federal exemptions provided for in § 522(d) beginning March 24, 1980.  Georgia debtors, therefore, are only permitted to exempt property under state law or federal law other than 11 U.S.C. § 522(d).  Official Code of Georgia Annotated § 44-13-100 provides Georgia's state exemptions specific to bankruptcy.

The Georgia statute allows for the exemption of certain amounts of various types of assets including personal property, pension and retirement benefits, and, germane to the Court's discussion today, homestead or residential property.[9]  Section 44-13-100(a)(1) provides in relevant part:

> (a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> (1) The debtor's aggregate interest, not to exceed $ 10,000.00 in value, in real property or personal property that the ***debtor or a dependent of the debtor uses as a residence*** . . . .  In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $ 20,000.00.[10]

As mentioned, Debtors claim homestead exemptions in the Singlewide mobile home and the block house and its real estate under O.C.G.A. § 44-13-100(a)(1).  These properties are located contiguous to the Doublewide mobile home that is used by Debtors as their primary residence. Debtors claim a $3,500.00 exemption in the Singlewide, representing the unencumbered value of that property testified to by Debtor-Husband at the April 26 hearing, and a $9,685.00 exemption in the block house and its real estate.  The Trustee objected to both of these claimed exemptions on the

---

[8] *See* FED. R. BANKR. P. 4003(a) (2006).
[9] O.C.G.A. § 44-13-100 (2002).
[10] O.C.G.A. § 44-13-100(a)(1) (2002).

5

basis that neither the Singlewide nor the block house property is *Debtors' residence*.[11]

Both at the hearing and in their brief filed with the Court, Debtors argue that because their 22-year-old daughter and minor grandson were "dependents" of Debtors and used the Singlewide as their residence at the time Debtors' bankruptcy petition was filed, the equity interest in the Singlewide may be claimed as exempt under O.C.G.A. § 44-13-100(a)(1).[12] Debtors argue that because the block house and its real estate are located contiguous to Debtors' "homestead," it should be considered an "out building" of their Doublewide residence and, therefore, also exemptable under O.C.G.A. § 44-13-100(a)(1).[13] Debtors compare their ownership of the block house with the ownership of "different apartments in an apartment house or a condominium[] complex, or [ownership of] a house on farmland [with] some [out buildings also located] on the farm."[14]

### A.  *Objections to Exemptions and the Burden of Proof*

A debtor's claims of exemption are required to be filed with the debtor's schedule of assets.[15] The procedure and deadlines for filing objections to exemptions are found in FED. R. BANKR. P. ("Rule") 4003(b). According to that Rule, any party in interest may file an objection within 30 days after the conclusion of the meeting of creditors or the amendment of a particular claim of exemption, whichever is later.[16] In this case, the Trustee's objections were timely filed. Where an objection is made to a debtor's claim of exemption, Rule 4003(c) places a statutory burden of proof upon the *objector* to show that the claim of exemption is invalid. As noted in the commentary to the Rule, this burden is different from the burden relating to objections to proofs of claim where although the

---

[11] Trustee's Objection at 1.
[12] Debtors' Brief at 2.
[13] *Id*.
[14] *Id.*
[15] FED. R. BANKR. P. 4003(a) (2006).

6

objector (usually the debtor or the trustee) "must go forward with evidence establishing the basis of the objection . . . .,"[17] the claimant bears the ultimate burden of proving the validity of the claim. Subsection (c) of Rule 4003 reads as follows:

> **(c) BURDEN OF PROOF.** In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.[18]

Initially, the objector to a claim of exemption bears both the burden of production and the burden of persuasion.[19] The objector must produce evidence sufficient to rebut the "presumptively valid exemption."[20] The evidence produced by the objector may shift the burden of production to the debtor to produce "unequivocal evidence that the exemption is proper,"[21] but the burden of persuasion always remains with the objector.[22] The objector must overcome the "prima facie effect of the claim of exemption" by a *preponderance of the evidence*.[23] If the objector does not prove by a preponderance of the evidence that the exemption should be disallowed, then the claimed exemption will stand. In this case, the burden of proof falls upon the Trustee.

### B.     *Meaning of "Dependent" under O.C.G.A. § 44-13-100(a)(1)*

The first issue raised by the Trustee's objection and the first issue on which the Trustee will bear the ultimate burden of proof is whether Debtors' 22-year-old daughter and minor grandson who resided in Debtors' Singlewide mobile home at the time of filing, were "dependents" of Debtors for

---

[16] FED. R. BANKR. P. 4003(b) (2006).
[17] FED. R. BANKR. P. 4003 eds. cmt. (c) (2006).
[18] FED. R. BANKR. P. 4003(c) (2006).
[19] *In re* Carter, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999).
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *In re* Whitson, 319 B.R. 614, 617 (Bankr. E.D. Ark. 2005); *In re* Collins, 281 B.R. 580, 582 (Bankr. M.D. Pa.

purposes of O.C.G.A. § 44-13-100(a)(1), Georgia's homestead exemption statute. As shown above in the recitation of that statute, debtors in Georgia are entitled to exempt a portion of their interest in "real property or personal property that the ***debtor or a dependent of the debtor uses as a residence***."[24] In order to prevail on his objection to the claim of exemption in the Singlewide, the Trustee must prove by a preponderance of the evidence that Debtors' daughter and minor grandson were not "dependents" of Debtors for purposes of O.C.G.A. § 44-13-100(a)(1) at the time Debtors' bankruptcy petition was filed.

It is a fundamental canon of statutory interpretation that when a court is called to define a statutory term, the court must look to the statute itself for a definition, and when no definition is given, then to state case law.[25] In situations where neither the statute itself nor case law defines a statutory term, the court must give the term its "ordinary or common meaning."[26] This rule is codified at O.C.G.A. § 1-3-1(b) which states: "In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter, which shall have the signification attached to them by experts in such trade or with reference to such subject matter."[27] Courts often look to dictionary definitions of terms for guidance as to the ordinary or common meaning of a statutory term.[28] This practice is consistent with the "plain meaning doctrine" of statutory construction.[29] The Court will need to consider such dictionary definitions in this case since neither O.C.G.A. § 44-13-100 nor courts considering the

---

2002); *In re* Sumerell, 194 B.R. 818, 823 (Bankr. E.D. Tenn. 1996).

[24] O.C.G.A. § 44-13-100(a)(1) (2002) (emphasis added).

[25] U.S. v. Lombardo, 241 U.S. 73 (1916); Slakman v. Continental Cas. Co., 587 S.E.2d 24, 26 (2003); Mancuso v. Steyaard, 280 Ga. App. 300, 2006 WL 1843641 (Ga. App. 2006) (citing *Simon Property Group, Inc. v. Benson*, 628 S.E.2d 697, 701 (2006)).

[26] *Id.*

[27] O.C.G.A. § 1-3-1(b) (2000).

[28] United States v. McNab, 331 F.3d 1228, 1237 (11th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004).

8

Georgia homestead exemption statute define the term "dependent." *Black's Law Dictionary* provides the following definition:

> **Dependent,** *n.*   One who derives his or her main support from another.  Means relying on, or subject to, someone else for support; not able to exist or sustain oneself, or to perform anything without the will, power, or aid of someone else.  Fox-Vliet Wholesale Drug Co. v. Chase, 288 P.2d 391, 393.  Generally, for workers' compensation purposes, "dependent" is one who relies on another for support or favor and one who is sustained by another.  Industrial Indem. Co. v. Industrial Acc. Commission, 243 Cal.App.2d 700, 52 Cal.Rptr. 647, 651, 653. One who has relied upon decedent for support and who has reasonable expectation that such support will continue.  Wheat v. Red Star Exp. Lines, 156 Conn. 245, 240 A.2d 859, 862, 863.  *See also* Lawful dependents.
>
> In taxation, a person who receives more than half of his or her support from the taxpayer during the calendar year; is a relative of the taxpayer, *i.e.*, brother, child, parent, aunt, etc.; and is a citizen or resident of the U.S.  *See* Dependency exemption.
>
> **Dependent,** *adj.*   Deriving existence, support, or direction from another; conditioned, in respect to force or obligation, upon an extraneous act or fact.[30]

*Webster's* defines the term as follows:

> **Dependent**   *adj.*   **1.** Contingent on something or someone else. **2.** Subordinate. **3.** Relying on the aid of another for support. **4.** Hanging down.  –*n.*  Also **dependant**.  One, as a child, who relies on another for support.  –**dependently** *adv.*[31]

Considering these definitions and Rule 4003(c), it does not appear that the Trustee has carried his burden of proving that Debtors' daughter and grandson were not "dependents" of Debtors at the time of Debtors' bankruptcy filing (the moment critical to the Court's inquiry).  The facts are that the daughter and grandson were living in the Singlewide when Debtors' case was filed on July 26, 2005,

---

[29] *See Id.*

[30] BLACK'S LAW DICTIONARY 437 (6th ed. 1990).

[31] WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 363 (Anne H. Soukhanov et al. eds. 1994).

9

that Debtors claimed their daughter and grandson as "dependents" on their 2005 income tax return, and that the daughter has not had steady employment. The fact that Debtors' daughter and grandson were living in Debtors' Singlewide could be seen as per se evidence of the daughter and grandson's dependence upon Debtors. After a review of the transcript of the April 26 hearing, the Court can find no affirmative evidence that the daughter and grandson were not "dependents" of the Debtors. The Court cannot represent, however, that evidence was presented that the daughter and grandson relied upon Debtors for the necessities of life other than shelter, but Debtors are not required to present such evidence in the absence of evidence disputing dependency presented by the Trustee. Debtors have the benefit of a presumption of validity in their favor. The limited evidence on dependency that was presented supports the conclusion that the daughter and grandson were both "dependents" (*n.*) of Debtors and "dependent" (*adj.*) upon Debtors, as *Black's Law Dictionary* and *Webster's* define those terms, at the time Debtors filed their bankruptcy petition.

Because the Trustee has not carried his burden of proving by a preponderance of the evidence that the daughter and grandson were not "dependents" of Debtors for purposes of O.C.G.A. § 44-13-100(a)(1), the Court must overrule the Trustee's objection as to Debtors' claim of exemption in the Singlewide. The Trustee presented no affirmative evidence sufficient to overcome the presumption of validity favoring Debtors' claimed exemption as set forth in Rule 4003(c).

### C. *Contiguous Property and the block house and its real estate*

The Court noted at the April 26 hearing and it has been raised in Debtors' brief that the Singlewide and the block house property being located contiguous to Debtors' homestead or residence (the Doublewide mobile home) may be of consequence to Debtors' claimed exemptions in the block house property. Whereas some other states' homestead exemption statutes reference

10

"contiguous land and improvements," Georgia's homestead exemption statute refers only to the "residence" of the debtor or dependents of the debtor.[32] Regarding the block house and its real property, the Court can find no authority in the statutory language of O.C.G.A. § 44-13-100(a)(1) or in case law that would allow a debtor to exempt equity in a property located adjacent to her residence that the debtor *leases* to a residential tenant. In fact, there is case law from Florida, a state where statutory language extends a homestead exemption to "contiguous land and improvements," which denies exemption in *rental* property contiguous to a debtor's residence on the basis that such an allowance would be contrary to the purpose of the homestead exemption—*i.e.*, to protect debtors' residences and livelihood.[33] This Court holds likewise concerning Debtors' claimed exemption in the block house and its real property. Further, in this case, although the block house and its real property are located adjacent to Debtors' residence, the block house and its real estate are separate and distinct from Debtors' "homestead." As was mentioned above, the block house property was subject to a wholly separate security deed.

The Court concluded above that the Trustee's objection regarding the Singlewide should be overruled based upon the plain terms of O.C.G.A. § 44-13-100(a)(1) and the evidence presented in the case. It is not, therefore, necessary for the Court to consider whether the Singlewide, in its state as of the date of filing, is exemptable under O.C.G.A. § 44-13-100(a)(1) as property contiguous to Debtors' residence or as an improvement deemed to be part of Debtors' homestead or residence. As to the claimed exemption in the block house and its real property, there is simply no authority under Georgia law to extend the reach of O.C.G.A. § 44-13-100(a)(1) to *rental* property belonging to Debtors where that property is contiguous to Debtors' residence. The block house is occupied by an

---

[32] O.C.G.A. § 44-13-100(a)(1) (2002).

elderly residential tenant who pays monthly rent of $250.00 to Debtors. Clearly, the block house property is not used by Debtors or dependents of Debtors as a residence as is required by O.C.G.A. § 44-13-100(a)(1), the Section under which Debtors have claimed their exemption. The Court, therefore, cannot conclude over objection and the evidence presented that Debtors' claimed exemption in the block house and its real property is valid. The Trustee's objection to Debtors' claimed exemption in the block house property is therefore sustained.

## **CONCLUSION**

Consistent with the discussion set forth above, the Court finds that the Trustee's objection to Debtors' claimed exemption in the Singlewide mobile home is hereby OVERRULED and that the Trustee's objection to Debtors' claimed exemption in the block house and its real property is hereby SUSTAINED.

---

[33] Shillinglaw v. Lawson, 88 B.R. 406, 408 (S.D. Fla. 1988).